```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
TONI J. GUMP,                             :   CASE NO. 5:05-CV-1849
                                          :
            Plaintiff,                    :   JUDGE JAMES S. GWIN
                                          :
vs.                                       :   ORDER
                                          :   [Resolving Doc. Nos. 55, 61]
SUMMIT COUNTY SHERIFF, et al.,            :
                                          :
            Defendants.                   :
                                          :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 23, 2005, Plaintiff Toni J. Gump filed suit against Defendant Summit County Sheriff and others in the Summit County Court of Common Pleas. On July 25, 2005, the Defendants removed the case to this Court under federal question jurisdiction. *See* 28 U.S.C. § 1331.

On March 24, 2006, the Plaintiff filed a second amended complaint. With this complaint, the Plaintiff asserts state law claims for false arrest, false imprisonment, malicious prosecution, and replevin. The Plaintiff additionally asserts a federal civil rights claim pursuant to 42 U.S.C. § 1983.

On June 9, 2006, Plaintiff Gump moved this Court for a voluntary partial dismissal without prejudice under Fed. R. Civ. P. 41(a). The Defendants oppose this motion. On June 12, 2006, this Court entered an order directed the plaintiff to either: (1) notify the Court of her intention to dismiss the claim with prejudice or (2) proceed with the litigation. *See United States v. Tonawanda Trail*, 95 F.3d 422, 425 (6th Cir. 1996) (citation omitted).

The Plaintiff filed a response to the Court's order on June 16, 2006. The Plaintiff now seeks

-1-

Case No. 05-CV-1849
Gwin, J.

partial dismissal of her complaint pursuant to Fed. R. Civ. P. 41(a)(2). Specifically, The Plaintiff asks the Court to dismiss her § 1983 civil rights claim with prejudice and remand the Suit to the Summit County Court of Common Pleas for resolution of the remaining state law claims. Rule 41(a)(2) provides in pertinent part that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." At the Plaintiff's request, the Court **DISMISSES** the Plaintiff's § 1983 civil rights **WITH PREJUDICE**.

The sole remaining claims are the Plaintiff's state law claims. The United States Code gives federal courts discretion to decline to exercise supplemental jurisdiction in certain circumstances. Specifically, 28 U.S.C. § 1367(c) states:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) *the district court has dismissed all claims over which it has original jurisdiction,* or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

(emphasis added). Pursuant to this section, the Court declines to exercise jurisdiction over the remaining state law claims and **REMANDS** this case to the Court of Common Pleas for Summit County, Ohio.

IT IS SO ORDERED.

Dated: June 20, 2006          s/    *James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE