UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONI J. GUMP, | ) | Case No. 5:05CV1849 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| SUMMIT COUNTY SHERIFF, et al., | ) | |
| | ) | REPORT AND RECOMMENDATION OF |
| Defendants. | ) | MAGISTRATE JUDGE |

The instant matter is before the Court upon a motion for attorney fees and costs filed by Defendants City of Cuyahoga Falls and Detectives Cesareo and Vanadia (Defendant Cuyahoga Falls) pursuant to 42 U.S.C. § 1988. ECF Dkt. #65. Plaintiff has not filed a response to this motion. On June 20, 2006, the Honorable James S. Gwin referred the instant motion to the undersigned for a Report and Recommendation. ECF Dkt. #66. For the following reasons, the undersigned recommends that the Court DENY Defendant Cuyahoga Falls' motion for attorney fees and costs. ECF Dkt. #65.

**I.     PROCEDURAL HISTORY**

On July 25, 2005, Defendants Summit County Sheriff, the City of Stow, Cuyahoga Falls and D&L Towing removed Plaintiff's complaint to this Court from the Summit County Court of Common Pleas stating that the complaint contained claims sounding in a federal civil rights action under 42 U.S.C. § 1983. ECF Dkt. #1. The civil complaint was captioned as one alleging false arrest, false imprisonment, malicious prosecution and replevin, but contained allegations

-1-

that Plaintiff's constitutional rights were violated when the named Defendants or agents thereof unlawfully stopped her automobile, arrested her without probable cause, charged her with receiving stolen property, jailed her pending arraignment, and towed away her vehicle. ECF Dkt. #1, Attachment 1. Plaintiff averred that the named Defendants unlawfully took these actions because her license plate was allegedly stolen, but these charges were "proven false" and dismissed at a preliminary hearing on the matter in the Cuyahoga Falls Municipal Court. *Id.*

On October 27, 2005, Judge Gwin issued his Case Management Conference (CMC) Scheduling Order which indicated that counsel for Plaintiff arrange with opposing counsel to meet as required by Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.3(b)(3). ECF Dkt. #11. On January 16, 2006 and January 17, 2006, the named Defendants, including Defendant Cuyahoga Falls, each filed a Report of the Parties' Planning Meeting indicating that counsel for Plaintiff failed to contact them for a meeting so they filed their own reports to the Court. ECF Dkt. #s 17, 18, 19.

Although the docket does not reflect it, Defendant Cuyahoga Falls represents in its instant motion that neither Plaintiff nor her counsel of record appeared for the CMC. ECF Dkt. #65 at 2. According to Defendant Cuyahoga Falls, Attorney Daniel Dismuke represented Plaintiff in place of her docketed counsel Attorney David Drew. *Id.* Defendant Cuyahoga Falls further states that Attorney Dismuke represented at the CMC that Plaintiff had no intention of raising federal claims in her complaint and he asked that the case be returned to state court. ECF Dkt. #65 at 2. Defendant Cuyahoga Falls relates that the Court and the parties agreed to return the case to state court, but only after Plaintiff amended her complaint to clearly renounce any federal claims. *Id.*

The docket reflects that Plaintiff filed her first amended complaint. ECF Dkt. #23. However, it does not appear that Plaintiff renounced federal constitutional claims and instead she clarified claims and added more parties, including Defendants Cesareo and "Vanillie". ECF Dkt. #23. Plaintiff thereafter filed a second amended complaint which changed Defendant "Vanillie" to Defendant Vanadia. ECF Dkt. #36. Plaintiff also voluntarily dismissed her claims against Defendants City of Stow and D&L Towing on the same day. ECF Dkt. #s 34, 35.

Defendant Cuyahoga Falls also represents that discovery problems arose as Plaintiff never submitted initial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure and responded in an incomplete manner to discovery requests that it was forced to file seeking the information that Plaintiff was required to provide without a request. ECF Dkt. #65 at 3. Defendant Cuyahoga Falls also complains that Plaintiff's counsel represented that no written witness statements existed even though Attorney Dismuke had represented at the CMC that he had an affidavit from a Kurt Nissel. *Id.* Defendant Cuyahoga Falls also outlines other discovery difficulties, including trouble with the scheduling of depositions.

Defendant Cuyahoga Falls also complains that when they were finally able to schedule and take depositions, the testimony of Plaintiff, Roy Golden and Mr. Nissel revealed that Plaintiff did not have a meritorious case. ECF Dkt. #65 at 4. Defendant Cuyahoga Falls thereafter e-mailed a letter and mailed it certified outlining the deposition testimony and requesting that Plaintiff immediately dismiss her case. *Id.* Plaintiff's counsel did not respond.

Defendant Cuyahoga Falls further explains that it was then forced to spend more money in order to obtain the deposition transcripts and prepare a motion for summary judgment, which

Plaintiff's counsel finally responded to after obtaining an extension, missing the extension deadline date and then filing a response instanter citing computer problems. ECF Dkt. #65 at 4.

The Court held a status conference the following day, and Attorney Drew attended without his client. At the status conference, according to Defendant Cuyahoga Falls, the Court inquired into the status of the federal claims that still appeared in Plaintiff's amended complaint and Attorney Drew responded that he did not know that Attorney Dismuke had represented at the CMC that an amended complaint removing the federal claims would be filed and the case could thereafter be remanded to state court. ECF Dkt. #65 at 5.

On June 16, 2006, Plaintiff filed a motion for partial dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure moving the Court to dismiss the §1983 portion of her amended complaint with prejudice and remand her state law claims to state court. ECF Dkt. #61. On June 20, 2006, Defendant Cuyahoga Falls filed a brief in opposition to the motion for partial dismissal, objecting to the remand of the state law claims to state court. ECF Dkt. #62. Defendant Cuyahoga Falls indicated that it had perfected summary judgment pleadings at considerable cost in federal court and would waste resources if it had to repeat the process in state court. *Id.* Defendant Cuyahoga Falls requested that the Court rule on its motion for summary judgment. *Id.*

On June 20, 2006, the Court granted Plaintiff's motion to voluntarily dismiss her §1983 claim with prejudice and declined to exercise supplemental jurisdiction over Plaintiff's state law claims, remanding these claims to the state court for adjudication. ECF Dkt. #63.

On June 23, 2006, Defendant Cuyahoga Falls filed the instant motion for attorney fees and costs pursuant to 42 U.S.C. §1988 and on June 26, 2006, Judge Gwin referred the instant

motion to the undersigned. ECF Dkt. #s 65, 66. Plaintiff has not filed a response to this motion.

## II.     LAW AND ANALYSIS

Pursuant to 42 U.S.C. § 1988(b), this Court has discretion in which to award reasonable attorney fees and costs to a "prevailing party." In doing so, the Court "must provide a clear and concise explanation of its reasons for the fee award." *Roane v. City of Mansfield*, No. 98-4560, 2000 WL 1276745 at *1 (6th Cir. Aug. 28, 2000), unpublished, quoting *Hadix v. Johnson,* 65 F.3d 532, 534 (6th Cir. 1995) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983)) and citing *Louisville Black Police Officers Org., Inc. v. City of Louisville,* 700 F.2d 268, 273 (6th Cir.1983). Accordingly, the first question that arises in this case is whether Defendant Cuyahoga Falls is a "prevailing party" for purposes of an award of fees and costs under §1988(b).

In *Roane*, the Sixth Circuit Court of Appeals held that the defendants were not "prevailing parties" under § 1988(b) after the plaintiffs voluntarily dismissed their lawsuit with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. 2000 WL 1276745 at *2. The Sixth Circuit held that awarding attorney fees to defendants as opposed to plaintiffs is "an extreme sanction, and must be limited to truly *egregious cases of misconduct." Roane,* 2000 WL 1276745 at *1, quoting *Jones v. Continental Corp.,* 789 F.2d 1225, 1232 (6th Cir. 1986) (emphasis added). The Court held that attorney fees may be awarded to prevailing defendants under § 1988 only when the plaintiff's lawsuit "was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978). Applying this law in *Roane*, the Sixth Circuit held that "Defendants are not prevailing parties under § 1988 inasmuch as Defendants did not receive a favorable judicial determination on the merits, *see York v. Ferris State Univ.,* 36 F.Supp.2d [976]

-5-

at 981-82 [W.D. Mich. 1998], and we are not persuaded that this was a "truly egregious case[ ] of misconduct" in any event." *Jones,* 789 F.2d at 1232." 2000 WL 1276745 at *2.*

The United States Supreme Court has more recently affirmed the holding that defendants who are the recipients of a voluntarily dismissal of a case against them by plaintiffs are not prevailing parties entitled to an award of attorney fees.  In *Buckhannon and Care Home v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), the Court held that a "prevailing party" entitled to attorney fees is one who has received some relief by the court, either by a judgment on the merits or through a court-ordered consent decree, which materially alters the legal relationship of the parties.  *See Bridgeport Music, Inc. v. London Music, U.K.*, 345 F.Supp.2d 836 (M.D. Tenn. 2004).

In the instant case, the Court granted Plaintiff's motion to voluntarily dismiss her §1983 claim with prejudice and remanded her remaining claims to state court.  ECF Dkt. #63.  This was not an adjudication on the merits of the case and Defendant Cuyahoga Falls received no determination or relief by the Court as to the merits as a result of granting this voluntary dismissal.  Moreover, the undersigned recommends that the Court find that this case is not a "truly egregious case of misconduct" which otherwise necessitates the award of attorney fees to Defendant Cuyahoga Falls.  While Plaintiff's complaint and amended complaints were inartfully drafted, she failed to appear for some proceedings, and her attorneys were neglectful in failing to communicate with one another about dismissing the federal claims sooner, these omissions do not rise to the level to warrant a finding of an "egregious case of misconduct."  Further, although Defendant Cuyahoga Falls did file a motion for summary judgment, the Court did not rule on the motion, overruling its request that the Court deny Plaintiff's motion to voluntarily dismiss and

-6-

rule on its motion for summary judgment.

## III. CONCLUSION AND RECOMMENDATION

For these reasons, the undersigned recommends that the Court deny Defendant Cuyahoga Falls' motion for attorney fees and costs. ECF Dkt. #65. The granting of Plaintiff's motion for voluntary dismissal does not constitute a favorable judicial determination on the merits. Moreover, the undersigned recommends that the Court find that Plaintiff's lawsuit was not necessarily frivolous, unreasonable, or without foundation and this case was not a truly egregious case of misconduct warranting attorney fees and costs for Defendant.


Dated: August 2, 2006                    */s/George J. Limbert*
                                         GEORGE J. LIMBERT
                                         United States Magistrate Judge


ANY OBJECTIONS to this Order and Interim Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's order and recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).